# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>LATOYA THERESA SMITH :<br>:<br>Defendant. : | Crim. No. 17-15-LPS |

## MEMORANDUM ORDER

At Wilmington this 9th day of November, 2017, having considered the parties' submissions related to Defendant Latoya Theresa Smith's ("Smith" or "Defendant") (i) Motion to Produce Evidence the Government Intends To Use Under Federal Rules of Evidence 404(b) and 609 with Citation of Authority (D.I. 20) ("Motion to Produce") and (ii) Motion to Preserve Law Enforcement's Rough Notes with Citation of Authority (D.I. 21) ("Motion to Preserve"), including the status report submitted by the government following the teleconference held on October 12, 2017 (D.I. 26),

IT IS HEREBY ORDERED that Defendant's (i) Motion to Produce (D.I. 20) is DENIED as moot and (ii) Motion to Preserve (D.I. 21) is also DENIED as moot, for the reasons explained below.

1. On February 16, 2017, a grand jury charged Defendant with two counts of making a material false statement during an attempted purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6) (Counts One and Three), and two counts of making a false statement to a licensed firearms dealer, in violation of 18 U.S.C. § 924(a)(1)(A) (Counts Two and Four). (*See* D.I. 3)

2. On September 13, 2017, Defendant filed her Motion to Produce and Motion to

Preserve. (*See* D.I. 20, 21) The government filed its response on September 27, 2017. (*See* D.I. 23) The Court held a teleconference on October 12, 2017. On October 16, 2017, the government submitted a status report to the Court. (*See* D.I. 26)

3. With respect to Defendant's Motion to Produce, Rule 404(b) provides: "On request by a defendant in a criminal case, the prosecutor must provide reasonable notice of the general nature of any [404(b)] evidence that the prosecutor intends to offer at trial" prior to trial. Defendant has requested, and the parties have agreed, that the government will produce all evidence impacted by Rules 404(b) and 609 no later than thirty (30) days prior to trial. (*See* D.I. 26 at ¶ 2) The Court sees no basis to award any additional relief. Hence, in view of the parties' agreement, Defendant's Motion to Produce is moot.

4. Defendant's Motion to Preserve (D.I. 21) is also moot. The government acknowledges its obligation to retain these materials and represents that it has advised the agents assigned to this case accordingly. (*See* D.I. 23 at 2-3; *see also United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983) (expanding preservation requirement to handwritten draft reports); *United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977); *see generally United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994) (affirming government's obligations under *Vella* and *Ammar*)) The Court sees no basis to award any additional relief.

5. Should the parties seek to exclude time between now and the December 11 trial from the calculations pursuant to the Speedy Trial Act (*see* D.I. 26), they shall file an appropriate motion and proposed order.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE