

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

The Nemours Building
1007 N. Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

Via CM/ECF

December 6, 2017

The Honorable Leonard P. Stark
Chief Judge
United States District Court for the District of Delaware
844 King Street, Room 6124
Wilmington, DE 19801

  Re: **Third Circuit 404(b) law**
     ***United States v. Latoya Smith*, Docket No. 1:17CR0015-LPS**

Dear Chief Judge Stark:

  In accordance with the Court's directive during the December 5, 2017 pretrial conference, the United States submits the following letter regarding whether Third Circuit law on Federal Rule of Evidence 404(b) has recently changed. It has not.

  As the Third Circuit made clear this year in *Repak*, where the proponent of evidence demonstrates admissibility for a proper purpose, Rule 404(b) allows for the admission of such evidence. *United States v. Repak*, 852 F.3d 230, 240-41 (3d Cir. 2017). To the extent the court in *United States v. Caldwell*, 760 F.3d 267 (3d Cir. 2014), characterized Rule 404(b) as a "rule of general exclusion[,]" the court in *Repak* clarified that it is "a rule of exclusion, meaning that it excludes evidence *unless the proponent can demonstrate its admissibility* . . . ." *Repak*, 852 at 241 (emphasis added). The court further reiterated that Rule 404(b) is "also 'inclusive' in that it does not limit the non-propensity purposes for which evidence can be admitted." *Id.* Thus, whether characterized as a rule of inclusion or exclusion, where the evidence is offered for a proper non-propensity purpose, it may be admissible. Indeed, Rule 404(b) itself has not changed in any substantive way since 2000.[1]

---

[1] Defendant relies on a single sentence in support of her position that Rule 404(b) is now a rule of exclusion in the Third Circuit. In so doing, Defendant ignores both the remaining context of the quote and subsequent Third Circuit precedent that explains the quote and describes the rule as one of both inclusion and exclusion. *Repak*, 852 F.3d at 240-41. Indeed, the Third Circuit has never veered from the core, four-step test for admissibility set forth by the Supreme Court in *Huddleston v. United States*, articulated in the very case cited by Defendant and reiterated earlier this year in *Repak*.

Nearly thirty years ago, the Supreme Court set forth the four steps required for admissibility under Rule 404(b) and that analysis remains unchanged. *See Huddleston v. United States*. 485 U.S. 681, 691 (1988). These four steps are explicitly discussed by the Third Circuit in the very case relied upon by the defendant. *See Caldwell*, 760 F.3d at 276-78 ("There are four distinct steps that must be taken before evidence is admissible for a non-propensity purpose under Rule 404(b)(2)."). The Third Circuit again reiterated its commitment to the four-pronged analysis earlier this year in *Repak*. 852 F.3d at 241. As set forth at the hearing and in its motion, the government has satisfied each of the requirements for admissibility. First, the evidence is offered "for a non-propensity purpose" – that the defendant's motive for lying on the Form 4473 was that the true purchaser was unable to lawfully purchase a firearm. Second, that evidence is relevant because the fact that defendant had a reason to lie tends to make it more likely that she did, in fact, lie on the Form 4473, the charged offense. Third, any unfair prejudice to defendant that theoretically arises from a third party's status does not substantially outweigh the high probative value of the evidence. Indeed, defendant's motive animates the narrative of the case—it is not, as defendant suggests, unsupported speculation, and the government expects the evidence at trial will support its theory that defendant was a straw purchaser. Finally, the government has no objection to a proper limiting instruction. *Id.*

The United States further submits that, in light of the Superseding Indictment, evidence of the defendant's boyfriend's prohibited status is not subject to analysis under Rule 404(b). Rule 404(b)'s prohibition runs only to evidence of a "crime, wrong, or other act" used to prove "that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). At the most basic level, the status of the boyfriend does not constitute an "other act" of the defendant being used "to show [defendant]'s propensity to behave in a certain manner." *United States v. Repak*, 852 F.3d 230, 240 (3d Cir. 2017). Thus, the evidence's admissibility should be evaluated under Rules 401, 402 and 403. For the reasons previously articulated, this evidence passes those tests.

For the reasons set forth above, and those set forth in its motion to admit and during the pretrial conference, the United States respectfully requests that the Court grant the United States' motion to admit the evidence of defendant's boyfriend's prohibited status, pursuant to either Rules 401, 402 and 403, or subject to Rule 404(b).

                                            Respectfully submitted,

                                            DAVID C. WEISS
                                            ACTING UNITED STATES ATTORNEY

BY:      */s/ Alexander S. Mackler*
            Alexander S. Mackler
            Lesley F. Wolf
            Assistant United States Attorneys

cc: Akin Adepoju, Esq.