## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | :     Crim. No. 17-15-LPS |
| LATOYA THERESA SMITH, | : |
| Defendant. | : |

## **MEMORANDUM ORDER**

At Wilmington this **7th** day of **December, 2017**, having considered the government's and

Defendant Latoya Theresa Smith's ("Defendant" or "Smith") cross-motions *in limine* concerning

the admissibility of Defendant's boyfriend's ("Boyfriend")[1] status as a prohibited person (D.I. 29,

35),

**IT IS HEREBY ORDERED** that the government's motion seeking to admit this

evidence (D.I. 29) is **GRANTED**, and Defendant's motion to exclude the same (D.I. 35) is

**DENIED**.

1.      Defendant is charged with, among others, two counts of knowingly making a false

statement intended or likely to deceive a licensed firearms dealer as to a fact material to the

lawfulness of the sale. (*See* D.I. 38) (Counts One and Three) The evidence in dispute concerns

Boyfriend's status as a person prohibited from purchasing or possessing firearms. (*See* D.I. 29 at

3; D.I. 35 at 1)

---

[1]The Court understands Defendant contests this relationship status but uses the term in
accordance with the parties' briefing. (*See* D.I. 29, 35)

The government initially moved *in limine* to admit Boyfriend's status under Federal Rule of Evidence 404(b) as evidence of Defendant's motive and absence of mistake in falsely stating on two Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473s ("Form 4473s") that Defendant has not been convicted of a crime imprisonable for more than a year. (*See* D.I. 29 at 6-9) Although not alleged in the Superseding Indictment, the government has indicated that the person for whom it will attempt to prove Defendant intended to buy the firearm is Boyfriend.

Then, on November 28, 2017, a grand jury returned a Superseding Indictment, alleging an additional misrepresentation by Defendant as to Counts One and Three: that Defendant "represent[ed] that she was the actual buyer of the firearm, when in fact, as the defendant then knew, she was attempting to purchase the firearm for another person." (D.I. 38 at 1-2)

After the Superseding Indictment was returned, Defendant moved *in limine* to exclude any evidence of Boyfriend's prohibited status as extrinsic, irrelevant, and unfairly prejudicial. (*See* D.I. 35) The Court heard argument on the parties' cross-motions on December 5, 2017.

2.      Federal Rule of Evidence 404(b) governs the admissibility of crimes, wrongs, or other acts. Rule 404(b)(1) prohibits introduction of such evidence "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The concern is that "evidence of prior bad acts, when offered only to show the defendant's propensity to commit the charged crime," may be so powerful that it "'overpersuade[s] [the jury] as to prejudice one with a bad general record and deny him [or her] a fair opportunity to defend against a particular charge.'" *United States v. Caldwell*, 760 F.3d 267, 275 (3d Cir. 2014) (citation omitted). However, other acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of

2

mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Other acts evidence may be either "intrinsic" or "extrinsic." *See United States v. Green*, 617 F.3d 233, 245 (3d. Cir. 2010). Intrinsic evidence falls outside the scope of Rule 404(b), but is limited to "two narrow categories" of evidence: that which "'directly proves' the charged offense" and "'uncharged acts performed contemporaneously with the charged crime . . . if they facilitate the commission of the charged crime.'" *Id.* at 245, 248-49 (citation omitted). Extrinsic evidence is analyzed under the framework of Rule 404(b). *See id.* at 245.

At the pretrial conference, the parties disputed whether Third Circuit law governing admissibility under Rule 404(b) has changed in recent years – specifically, whether Rule 404(b) is a rule of exclusion or inclusion. The Court ordered letter briefing on this issue, which the parties submitted. (*See* D.I. 40, 42)

While the Court does not believe the law has changed, "let us be clear: Rule 404(b) is a rule of general exclusion, and carries with it 'no presumption of admissibility.'" *Caldwell*, 760 F.3d at 276 (citation omitted). Rule 404(b) requires "evidence of prior bad acts be excluded – *unless* the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *Id.* (emphasis original). Rule 404(b) is "inclusionary" only in the sense that Rule 404(b)(2)'s list of non-propensity purposes is non-exhaustive; that is, other acts evidence may be offered for *any* non-propensity purpose. *See United States v. Repak*, 852 F.3d 230, 240-41 (3d Cir. 2017); *see also Caldwell*, 760 F.3d at 276. Thus, "Rule 404(b) is a rule of exclusion, meaning that it excludes evidence unless the proponent can demonstrate its admissibility, but it is also 'inclusive' in that it does not limit the non-propensity purposes for which evidence can be admitted." *Repak*, 852 F.3d at 241.

Regardless, the core of admissibility under 404(b) is satisfaction of the familiar four-step framework set out in *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988). Under that framework, the proponent of other acts evidence bears the burden of showing the evidence satisfies "four distinct steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other acts evidence must be accompanied by a limiting instruction." *Repak*, 852 F.3d at 241. Step two is often the most difficult to satisfy, *see United States v. Wilmington Tr. Corp.*, 2017 WL 4416354, at *1 (D. Del. Oct. 5, 2017), requiring the proponent to show how the evidence "fit[s] into 'a chain of inferences . . . connect[ing] the evidence to a proper purpose, no link of which is a forbidden propensity inference,'" *Repak*, 852 F.3d at 243 (citation omitted). "This chain must be articulated with careful precision because, even when a non-propensity purpose is 'at issue' in a case, the evidence offered may be completely irrelevant to that purpose, or relevant only in an impermissible way." *Id.* (citation and alterations in original omitted).

3.      In view of the Superseding Indictment, the government contends its motion is moot. (*See* D.I. 34 at 1) The government argues Boyfriend's prohibited status is now intrinsic to the offenses charged because his status "directly proves" Defendant falsely stated on the Form 4473s that she was the actual buyer of the guns. (*See id.* at 2) Defendant, however, responds that Boyfriend's status is extrinsic because the government need not prove Defendant attempted to purchase a firearm for a person prohibited, just that Defendant was not herself the actual buyer. (*See* D.I. 35 at 2-3) Thus, Defendant contends, Boyfriend's status "is not a necessary

precondition to prove the truthfulness" of Defendant's statements. (*Id.* at 3)

4.      The contested evidence as to Boyfriend's status is not intrinsic to the offenses charged. Defendant is charged with knowingly making a false statement on the Form 4473s by indicating that she was not purchasing the firearm for another person. Intrinsic to that charge is whether she was purchasing the gun for someone else; *who* that someone else is – and any characteristics that other person may have, including his or her prohibited status – is not. Thus, the Court agrees with Defendant that Boyfriend's status does not directly prove Defendant was not the actual buyer of the firearm and, therefore, is not intrinsic.

5.      However, the Court agrees with the government's original argument that evidence of Boyfriend's status is admissible under Rule 404(b) as evidence of Defendant's motive to lie on the Form 4473s – and possibly also of her absence of mistake in making the false statements on those forms.

a.      At step 1 of the 404(b) analysis, the Court finds that the government seeks to introduce evidence of Boyfriend's status for two proper non-propensity purposes at issue in this case: motive and absence of mistake. *See* Fed. R. Evid. 404(b)(2); *Caldwell*, 760 F.3d at 276 ("[T]he proponent must identify a specific purpose that 'is of consequence in determining the action.'") (quoting Fed. R. Evid. 401(b); *see also United States v. Brown*, 765 F.3d 278, 291 (3d. Cir. 2014) (stating Rule 404(b) evidence must "materially advance the prosecution's case"). Here, the government is required to prove Defendant made a false statement on the Form 4473s and did so knowingly. *See* 18 U.S.C. § 922(a)(6) (2016). At issue are a number of allegedly false statements made by Defendant on the Form 4473s, including whether Defendant was the actual purchaser of the firearm. Boyfriend's prohibited status supplies a motive for Defendant, a

5

prohibited person herself, to attempt to purchase a firearm for Defendant (and thus not be the actual buyer, a material issue in this case). *See Langbord v. United States Dep't of Treasury*, 832 F.3d 170, 193 (3d Cir. 2016), *cert. denied sub nom. Langbord v. Dep't of Treasury*, 137 S. Ct. 1578 (2017) (concluding other acts evidence "provided a motive" for defendant's actions and "therefore w[as] not excludable under Rule 404(b)"). Here, Defendant's "motive does not hinge on an inference that [*Defendant*] acted in accordance with [*Boyfriend's*] character."[2] *United States v. Smith*, 725 F.3d 340, 347 (3d Cir. 2013). Rather, Boyfriend's status "fairly 'completes the story [of the crime]' without a propensity inference," making its use proper under Rule 404(b). *Id.* (citation omitted); *see also Green*, 617 F.3d at 250 ("In this case, the fact that evidence of [Person 1's other acts] helped to explain [Person 2]'s motives for acting . . . was sufficient to satisfy Rule 404(b)."). Additionally, whether Defendant made a mistake in filling out the Form 4473s may be at issue in this case. Defendant's knowledge is an element of the charged offenses, and thus the government's use of Boyfriend's status is proper under Rule 404(b) to show absence of mistake on the part of Defendant.[3]

    b.  At step 2, the contested evidence is also relevant to the identified non-propensity purposes. *See Caldwell*, 760 F.3d at 276 ("[T]he proponent must next explain how

---

[2]In its letter brief, the government contends for the first time that Boyfriend's status is not an "other act" of Defendant being offered to show Defendant's "propensity to behave in a certain manner," and, therefore, need not be analyzed under Rule 404(b). (D.I. 42 at 2) (internal quotation marks omitted) Because the government did not raise this argument sooner, the Court will not, and need not, address it here.

[3]Defense counsel indicated at the pretrial conference that Defendant does not presently intend to argue or suggest that her answer on the Form 4473s that the firearm was not for someone else was a mistake. It may then be that mistake and absence of mistake are not at issue in this case.

6

the evidence is relevant to that [non-propensity] purpose."). As to motive, Boyfriend's prohibited status may be highly probative of why Defendant, a prohibited person herself, would make the alleged false statements on the Form 4473s. That is, Boyfriend's status makes it more likely that Defendant sought to buy a firearm for him (and not herself) and could explain why she would risk her own prosecution to do so. *See United States v. Lee*, 612 F.3d 170, 187 n.19 (3d Cir. 2010) ("Motive is one of the permissible purposes listed in Rule 404(b) not because the 'why' helps solve a crime, but because it is highly relevant to show that a defendant had a motivation to commit the crime for which he [or she] is being charged."). The contested evidence is also probative of absence of mistake (if this is put at issue). This is particularly so given evidence that Defendant had to repeatedly fill out the Form 4473s and may have made other mistakes while doing so. (*See* D.I. 29 at 2)

      c.     Nor does Rule 403 balancing favor exclusion. Evidence of Boyfriend's status is central to the government's theory of the case and important information for the jury to have, as in the government's view it may help to make sense as to why Defendant, a prohibited person herself, would attempt to purchase a gun for another person. *See Lee*, 612 F.3d at 187 n.19. Against this probative value, the Court sees little risk of unfair prejudice to Defendant. The jury will not be told why Boyfriend is a prohibited person and will already know Defendant herself is a prohibited person. Thus, the concept of people being prohibited from purchasing firearms will not be foreign to the jury or otherwise kept from them. The fact that Boyfriend is a prohibited person is not so inherently inflammatory as to seriously risk the jury convicting Defendant on that basis, particularly when the jury will already know Defendant herself is a prohibited person. Thus, any risk of unfair prejudice does not substantially outweigh the

7

probative value of Boyfriend's status.

        d.      Finally, at step 4, the Court will provide a limiting instruction to the jury at the request of the parties. *See Repak*, 852 F.3d at 241.

 

 

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE